IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN TAYLOR, *

Plaintiff, *

v * Civil Action No. WDQ-13-1684

GAULEITER GESTAPO, *

Defendant. *
\*\*\*

MEMORANDUM OPINION

On June 7, 2013, *pro se* Plaintiff Nathan Taylor filed the above-styled case and a motion to proceed *in forma pauperis*. ECF No. 2. Because he appears to be indigent, Plaintiff's motion will be granted.

The complaint appears to concern the confiscation of a pornographic magazine by staff at Spring Grove Hospital Center. *See* ECF No. 1-3. The content of the complaint, however, contains no factual allegations regarding why the confiscation was improper, other than Plaintiff's assertions that no one is entitled to take his property or look at his mail. *See id.* Indeed, the 70 page document provides no illumination of either the basis for Plaintiff's claim or the actual parties responsible for the alleged wrongdoing. ECF No. 1.

This Court is not obliged to ferret through a complaint, searching for viable claims. The instant complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be"; similarly, it imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981) (internal quotation marks omitted); *see also Spencer v. Hedges*, 838 F.2d 1210 (table), 1988 WL 9621 (4th Cir.1988). To comply with Fed. R. Civ. P. 8, a plaintiff must provide enough detail to illuminate the nature of the claim

and allow Defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require "courts to conjure up questions never squarely presented").

The instant complaint does not comply with Fed. R. Civ. Proc. 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," or Rule 8(e)(1) which requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the Court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the complaint is not a "short and plain statement," nor is it "concise and direct," and the convoluted narratives, together with the unsubstantiated conclusions, render the complaint incomprehensible. As such it does not provide this Court or any potential Defendants "fair notice" of the claims and facts upon which they are based. Thus, the complaint will be dismissed.

6/17/13
Date

William D. Quarles, Jr.
United States District Judge